UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00157

DENNIS STALLINS, Plaintiff

v.

CITY OF PRINCETON,
CITY OF PRINCETON POLICE DEPARTMENT AND
TIMOTHY MERRICK, Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon three pending motions: Plaintiff's Daubert Motion (Docket No. 50), Plaintiff's Motion in Limine (Docket No. 48) and Plaintiff's Motion in Limine (Docket No. 49). Plaintiff also filed a Notice of Filing Attachment to Plaintiff's Daubert Motion. (Docket No. 65). Defendants have responded to Plaintiff's Motions in Limine. (Docket No. 66). This matter is now fully briefed and ripe for adjudication. For the following reasons, Plaintiff's Motions are DENIED.

## DISCUSSION

### I. Plaintiff's Daubert Motion

Plaintiff's Daubert Motion requests that Court exclude Defendants' expert, John J. Ryan, from testifying as an expert in this case. (Docket No. 50). Plaintiff argues that Officer Timothy Merrick is bound by the Princeton Police Department Policy and Procedures, and that he violated those procedures in removing the handcuffs from Stallins without first discovering all weapons in the vehicle; Plaintiff argues that Ryan's report is based on the force used after the handcuffs were removed and is thus irrelevant. Plaintiff also notes that Defendants were tardy in disclosing their expert. In response, Defendants argue that the Police Department's policy and procedures

1

do not establish constitutional bounds, and that their expert's testimony is relevant to this case. Defendants also argue that the delay did not prejudice the Plaintiff.

The Court finds that the minor delay in disclosure did not prejudice the Plaintiff. Additionally, because the expert testimony will not confuse the issues and is not more prejudicial than it is probative, Plaintiff's Daubert Motion is DENIED.

## II.     Plaintiff's First Motion in Limine

Plaintiff's First Motion in Limine requests that any witnesses for the Defendants be prohibited from "testifying regarding any force necessary other than the force required by the Policy and Procedure of the Princeton Police Department." (Docket No. 48). Plaintiff argues that Officer Timothy Merrick violated the Princeton Police Department Policy and Procedures and that witnesses for the defense are thus "not entitled to testify regarding the use of force that came about based upon the negligence" of Officer Merrick. *Id.* Plaintiff then asks that Defendants' expert be excluded based on Defendants' late disclosure. In support, Plaintiff argues that Defendants late disclosure has prejudiced the Plaintiff and that no good cause has been shown. In response, Defendants argue that the Police Department's policy and procedures do not establish constitutional bounds, and that testimony regarding Defendants' use of force is relevant to this case. Additionally, Defendants argue that their delay was reasonable. Defendants sent a disclosure letter to Plaintiff's counsel one day late. They state that their delay was due to Plaintiff's expert reviewing audio and video recordings of the arrest. Finally, they note that the delay caused no harm to Plaintiff, and that the Court has discretion in this matter.

The Court finds that information regarding the use of force in this case before and after Stallins was handcuffed is relevant and will not be excluded. Additionally, the Court finds that

the delay in disclosure did not prejudice the Plaintiff. Thus, Plaintiff's First Motion in Limine is DENIED.

### III. Plaintiff's Second Motion in Limine

Plaintiff's Second Motion in Limine requests that the Court prohibit the Defendants from discussing or asking the Plaintiff questions about the charges against him of carrying a concealed deadly weapon on August 20, 2012. Plaintiff argues that this is prejudicial and "inflames and misleads the jury." (Docket No. 49). In response, the Defendants note that Stallins pled guilty to these charges and was sentenced to two years of probation. They argue that his conviction and guilty plea are relevant and admissible, as they go "to the central action in the matter." (Docket No. 66). The Court agrees that this information is relevant, thus Plaintiff's Second Motion in Limine is DENIED.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Plaintiff's Daubert Motion (Docket No. 50), Plaintiff's Motion in Limine (Docket No. 48) and Plaintiff's Motion in Limine (Docket No. 49) are **DENIED**.