UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00157

DENNIS STALLINS,                                                                                          Plaintiff

v.

CITY OF PRINCETON,
CITY OF PRINCETON POLICE DEPARTMENT AND
TIMOTHY MERRICK,                                                                                     Defendants

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's bill of costs, (Docket No. 108), to which the Plaintiff has objected (Docket No. 109). Fully briefed, this matter stands ripe for adjudication. For the following reasons, the Court **GRANTS in part and DENIES in part** the Plaintiff's objections to the bill of costs.

## BACKGROUND

Following a two day trial, the jury found in favor of the Defendant. (Docket No. 104). The Defendant timely submitted his bill of costs, claiming expenses totaling $3,994.44. (Docket No. 108). The Plaintiff objected to the bill of costs in its entirety due to his inability to pay, as well as specifically objecting to: 1) witness fees for Jon Pettit and Leigh Ann Merrick as they did not testify; 2) fees for printed or electronically recorded transcripts; and 3) fees incurred in transferring the case to federal court.

## STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party is generally allowed to recover costs, other than attorneys' fees. 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must be allowed under § 1920 and must be reasonable and

1

necessary in amount. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), abrogated on other grounds by *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997 (2012). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009). The party objecting to the taxation bears the burden of persuading the Court that taxation is improper. *BDT Prods.,* 405 F.3d at 420; *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511, 574 (N.D. Ohio 2011).

  1) **Witness fees for Jon Pettit and Leigh Ann Merrick**

The costs for Jon Pettit and Leigh Ann Merrick are not taxable because they did not testify at trial. There is generally a presumption that "no fee may be taxed for someone who comes to the courthouse but does not testify at the trial." *Smith v. Joy Technologies, Inc.*, 2015 WL 428115 (E.D. Ky. Feb. 2, 2015); Charles Alan Wright & Arthur R. Miller, 10 Federal Practice and Procedure § 2678 (3d ed.). The defendant offers no reason to depart from that presumption. *See Smith,* 2015 WL 428115. Thus, the Court will deduct $53.76 for Jon Pettit and $121.76 for Leigh Ann Merrick from the bill of costs.

  2) **Fee to move case to federal court**

Plaintiff argues that the $400 fee paid by Defendant to remove this case to federal court should be deducted from the bill of costs. The Plaintiff argues that, "[i]t was the decision of the Defendants to move the case to Federal Court and they paid four hundred dollars ($400.00) to do this. The Plaintiff never filed and never had any intention of filing the case in Federal Court. All claims of cost in Federal Court should be denied." (Docket No. 109).

Pursuant to 28 U.S.C. § 1920(1), fees of the clerk are taxable. The Plaintiff fails to overcome the presumption that this cost should be awarded in this matter. There is nothing in the

federal statute that prohibits the award of removal filing fees or treats the award of such fees differently because the removal is "voluntary." *See Healy ex rel. Healy v. Sears, Roebuck & Co.*, 2009 WL 2392394 (E.D. Mich. Aug. 3, 2009). Therefore, this portion of the Plaintiff's objections will be denied.

### 3)     Fees for transcripts and depositions

The Plaintiff argues that the fees for transcripts and depositions "in the amount of three thousand two hundred thirty dollars and sixty cents ($3,230.60) that was not paid by any parties is an arbitrary figure not supported by any accounting or any evidence to justify the amount." (Docket No. 109). However, the Defendant submitted receipts justifying these costs. (Docket No. 108-1). Therefore, this portion of the Plaintiff's objections will be denied as well.

### 4) Indigency

Finally, the Plaintiff alleges that he "does not have any money to pay the cost." (Docket No. 109). The briefing from the parties is not sufficient to determine whether the Plaintiffs' indigency should prevent taxation of costs. District courts must determine whether a plaintiff claiming indigency has the "capacity to pay the costs assessed." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989); *see also In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987) ("[D]istrict judges are encouraged to consider the question of indigency fully for the record."). While indigency is a relevant factor, it is not "an automatic basis for denying taxation of costs against an unsuccessful litigant." *Singleton v.. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). The Defendant requests $3,994.44 in costs. As discussed above, certain costs are not taxable, which results in a total of $3,818.92 in costs.

The Court will order the Plaintiff to rebrief the issue of indigency. The Plaintiff must explain his monthly income, what monthly expenses he incurs, his assets, and any other relevant information. *See Smith v. Joy Technologies, Inc.*, 2015 WL 428115 (E.D. Ky. Feb. 2, 2015).

## CONCLUSION

Subtracting non-taxable amounts from the Defendant's costs equals $3,818.92. Because the Plaintiffs' briefing did not adequately discuss the Plaintiffs' indigency, the parties must rebrief that issue.

Accordingly, it is **ORDERED** that:

1) By **Monday, May 4, 2015,** the Plaintiff **SHALL FILE** a brief on the Plaintiffs' indigency.

2) By **Monday, May 19, 2015,** the Defendant **SHALL RESPOND.**

3) By **Tuesday, May 26, 2015,** the Plaintiff **MAY REPLY.**

IT IS SO ORDERED.

cc: counsel